Opinion of the court delivered by
Judge Whyte.
This, was an action of debt brought against the plaintiff in error, to receiver a penalty given by act of Assembly, for selling goods asa merchant, without having taken a license for so doing, pursuant to the requisitions of the act. The facts were, that plaintiff in error had two stores in said county, to wit, Hardeman county, in both of which he kept and sold goods, wares and merchandize, but had only applied for and taken out one license. The action was brought in the county court of Hardeman; transferred by consent to the circuit court, where a verdict and judgment was rendered for the penalty, being one hun-. *391 dred dollars, against the plaintiffin error, from which he took an appeal in error to this court.
Several errors were assigned: 1st. That the supposed offence is not alleged to have been committed against the form of any statute or statutes, not being an offence at common law. 2d. That the supposed cause of action is alleged to have accrued to the state by force of the statutes in such cases made and provided; whereas the same accrued, if at all, by fbrce of the statute of 1815, ch. 98, and not by any other statute whatsoever. 3d. That the defendant in the court below, having obtained license to retail goods, wares and merchandize, in Harde-man county, was authorised to keep as many stores for that purpose as he chose; therefore the charge of the court on that point was incorrect. 4th. That the court below erred in charging the jury, that it lay on the defendant to prove that the goods were of the growth and manufacture of the state of Tennessee.
The substance of the first error is, that the declaration does not charge the offence or the act done, which gives the penalty or forfeiture, to be against the statute. The cause of Lee vs. Clark, (2 East’s Reports 333,) is an answer to this, where the question was examined at length, both at the bar, by the counsel, and on the bench by the members of the court. We are there informed, that the conclusion of contra formam staiuti, is as applicable to courts in penal actions as to indictments: we are there informed also, of the reason of using it, which is this; that every offence for which a party is indicted is suppos-sedto be prosecuted as an offence at common law, unless the prosecutor in referring to a statute, shows that he means to proceed upon it; and without express reference, if it be no offence at common law, the court will not look to see if it be no offence by statute. From this, then, we learn the object of the conclusion contra formam slaluti. Against the form of the statute, is given as information to the court that the party proceeds not at common law, but by virtue of a statute. This information is not confined to the words ‘against the form of statute,’ as the only *392 channel by which it can reach the court; it can do so other ways, as whereby and by force oj the statute, an action hath &c. if the action has accrued by one statute, or stnt-U(eS) ¡n (|le p|ural number, if the action hath accrued by more than one. In the conclusion of the report of this case, it is stated,that Lord Ellenborough, after reviewing several cases, said, -fit appears therefore to be the ultimate opinion of the court, in all cases where the action is founded on a statute, it is necessary in some manner to show, that the offence on which you proceed, is an offence against the statute.” This conclusion of his Lordship’s, is admissible of considerable latitude, in showing the act or offence upon which the action is brought, is the subject or creature of a statute. In a previous part of his observations, he says, “I do not see such circumstances stated as brings the case within any of them, (to wit, statutes) without alleging it to be against the form of the statute.” This implies strongly, that if such circumstances had' been stated in that case which would have brought it within the.statute, (upon which it was founded) the allegation of contra formam statuli, would have been dispensed with; its object, the information being otherwise obtained, viz: through the medium of the circumstances of the case. Let us have reference to this case as set forth on record, and see whether they are circumstances to give the court this information, viz: whether the action is brought on a statute or statutes? The declaration alleges the action is brought for $> 100 against the defendant, because that he on a certain day and year specified, being a merchant in Hardeman county, did sell and retail goods, wares and merchandize to divers citizens in this State, the said goods, &c. not being the growth and manufacture of said Stale, without having any lawful authority or license therefor; by reason whereof, and by force of the statute in such cases made and provided, an action hath accrued to the State, to recover from said defendant the said sum of ‡100, which he has forfeited as aforesaid. We have the circumstances, and they show a case which cannot be made plainer, by fur- *393 thcr elucidation, at common law, or by our three stat* ules. These arc, the acts of 1813, ch. 58, see. 2 and 5; 1805, ch. 38, see. 1; 1827, ch. 58, sec. 3; the two first, showing the facts constituting the offence, as grounds of action, and the last, the party by whom the action shall be brought. There is no error, therefore, in this assignment.
The purport of the second error is, that the supposed offerre, or cause of action, is said to have accrued to the State by force of the statutes in the plural number? whereas, if the action accrued at all, it did so by one statute, viz: the act of 1813, ch. 58. This has been already answered in examining the first error, wherein it is shewn that the action is founded on these statutes.
The third error g^es to the charge of the court upon the evidence. The charge is, that if the jury found the defendant kept two retail stores in the county, selling goods at each, and having only one license, they should find against him. • The argument of the defendant is, that having a license to retail goods, wares and merchandize, in Hardeman county, he might do so in as many stores as he thought proper. The 3d and 4th sections of the 98lh chapter of the act of 1813, are explicit on this point; they attach the license to sell, as a tax upon each retail store.
The fourth error goes to the charge of the court also; to that part which says,“it was not necessary for the Stale to prove that the articles sold were not the growth and manufacture of the State of Tennessee; but that it was necessary for the defendant to prove they were.” The rule as laid down on thits point shews, Tiel vs. Foude, (2 Johnson’s Reports 304:) “If the proviso furnishes matter of excuse for the defendant, it need not be negatived in the declaration, but he must plead it;” and in Spiers vs. Parker, (1 Term Rep. 141,) all the judges say that the rule is, “that one who will bring an.action for a penalty on an act of Parliament, must show himself entitled under the enacting clause, and if there be a subsequent exemption, that is, a matter of defence, the other party must show it to protect himself against the penalty.” In the *394 Presen^ casei protection claimed is even under a dif-rent statute.
Judgment of the circuit court affirmed.